IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LATARIA BURNS-PIPKINS,                       §
                                             §
    Plaintiff,                               §
                                             §
V.                                           §          No. 3:20-cv-284-K-BN
                                             §
CONWAY COURIER SERVICE, INC.                 §
D/B/A CCS TRANSPORTATION, INC.,              §
AND JAMES DOUGLAS BEURER,                     §
                                             §
    Defendants.                              §

## MEMORANDUM OPINION AND ORDER

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. *See* Dkt. No. 4.

Defendant Conway Courier Service, Inc. d/b/a CCS Transportation, Inc. objects to affidavits filed by Plaintiff Lataria Burns-Pipkens and Intervenor Brittany Gatson and seeks a determination as to whether Texas Civil Practice and Remedies Code § 18.001 is applicable in federal court. The undersigned concludes that it is not.

### Background

This is a motor vehicle injury case. *See* Dkt. No. 16. Plaintiff originally sued Defendants CCS and James Douglas Beurer in state court, *see* Dkt. No. 1 at 11-21, and Brittany Gaston intervened in the suit, *see id*. at 24-33. CCS removed the case to this court based on diversity jurisdiction. *See* Dkt. No. 1.

After removal, Plaintiff and Intervenor filed medical and billing record

-1-

affidavits from their healthcare providers, as permitted under Texas Civil Practices and Remedies Code § 18.001. *See* Dkt. Nos. 23 & 25. Section 18.001 allows plaintiffs in a civil action to submit affidavits from medical providers as damages evidence of the reasonableness and necessity of a plaintiff's medical treatment. *See* TEX. CIV. PRAC. & REM. CODE § 18.001.

CCS contends that Section 18.001 is inapplicable in federal court and moves to strike the affidavits. *See* Dkt. Nos. 26 & 27. Plaintiff and Intervenor did not respond to CCS's objections.

**Legal Standards and Analysis**

The Court applies substantive state law in diversity cases, "but state procedural law yields to the applicable Federal Rules." *Klocke v. Watson*, 936 F.3d 240, 244 (5th Cir. 2019). To determine whether state law is substantive, the Court looks to "the final decisions of the state's highest court." *Baker v. RR Brink Locking Sys., Inc.*, 721 F.3d 716, 717 (5th Cir. 2013); *Shanks v. AlliedSignal, Inc.*, 169 F.3d 988, 993 (5th Cir. 1999). The Texas Supreme Court has held that Section 18.001 affidavits are "purely procedural" matters. *Gunn v. McCoy*, 554 S.W.3d 645, 674 (Tex. 2018); *Haygood v. De Escabedo*, 356 S.W.3d 390, 397 (Tex. 2011).

As several recent decisions by judges of this court demonstrate, the procedure that Plaintiff and Intervenor have invoked is improper because Section 18.001(b) is procedural and therefore inapplicable in federal court, even in a case in which subject matter jurisdiction is based on diversity of citizenship. *See Jones v. QuikTrip Corp.*, 3:19-cv-2671-D, 2020 WL 6149967, at *1 (N.D. Tex. Oct. 20, 2020); *Baird v.*

-2-

*Shagdarsuren*, No. 3:17-cv-2000-B, 2019 WL 2286084, at *2 (N.D. Tex. May 29, 2019); *see also Newby v. Kroger Co.*, No. 3:19-cv-2510-N, 2020 WL 3963740, at *3 (N.D. Tex. July 11, 2020) ("[T]he Texas Supreme Court's 2018 decision in *Gunn* persuades this Court that section 18.001 is a procedural rule, not a substantive law providing a presumption regarding the damages element of a state negligence claim, and that it is thus not rendered applicable by Federal Rule of Evidence 302.").

Accordingly, the Court sustains CCS's objections and strikes the affidavits.

### Conclusion

The Court sustains Defendants' Objection to Plaintiff's Medical Billing Affidavits [Dkt. No. 26] and Defendants' Objection to Intervenor's Medical Billing Affidavits [Dkt. No. 27] and strikes Plaintiff Lataria Burns-Pipken's First Notice of Filing Affidavits [Dkt. No. 23] and Intervenor's First Amended Notice of Filing Affidavits of Business Records of Intervenor's Healthcare Providers [Dkt. No. 25].

DATED: November 9, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE